Jones, J.,
delivered the opinion of the Court.
This cause comes before the Court under very peculiar circumstances, and requires to be specially stated. From the record, it appears that Joseph V. Gamier, Clerk of the Superior Court of the late Territory of Missouri, pursuant to the statute for regulating the proceedings of the Supreme Court of the State, certified to the Circuit Court of the county of St. Louis, a completé transcript of the minutes and proceedings had in the said Superior Court, between the above named defendants, therein plaintiffs, and Talbot Chambers, who was impleaded with Willoughby Morgan, defendants, in a plea of trespass, viet armis, by which it appears, that at the September term, 1819, of the said Court, the parties came by their attorneys; and thereupon came a jury, (naming them,) who being sworn, &c., to try the issue joined between the parties, and the said plaintiffs being called, came not; neither did they further prosecute their plea aforesaid, against the said Talbot Chambers. Therefore, gave judgment, that the said plaintiffs take nothing by their writ, and that the said Chambers should recover his costs, &c.; provided, however, that on good cause shown to that effect by the plaintiffs, the judgment of non-suit entered against plaintiffs might be set aside. Which said transcript, together with all other papers (the declaration, writ and pleas excepted, not knowing what had become of them, having been taken out of the file) belonging, he had sent to the Clerk of the Circuit Court of the county of St. Louis.
That at the April term, 1821, of the said Circuit Court, it was, on motion of the plaintiffs’ attorney, ordered, the continuances from the September term, 1819, of the Superior Court, to the April term, 1820, and from that term to the next succeeding term of the said Court, should be entered up ; and then, on motion of the defendants, it was ordered that the said suit should he stricken from the docket of that Court; to which judgment the plaintiffs excepted.
That, at the April term, 1821, of the said Circuit Court for St. Louis county, in a cause entitled to he between the said Astor, Crooks and Stuart, plaintiffs, and Talbot Chambers, who was impleaded with Willoughby Morgan and William S. Blah-, defendants, the plaintiffs moved to take up this case as upon a rule to show cause why the non-suit, entered at the September term, 1819, of the late Superior Court, should not he set aside, and a new trial granted, which was opposed by Mr.-Wash, who- *234 declined appearing for the defendant, hut who had been of counsel for him in the' said Superior Court, on the allegation that the cause was discontinued by. reason of no motion to set aside that non-suit having been made, nor the question disposed of, or taken up, at either said September or any following term of the said Superior Court, or any following term thereof. Whereupon the plaintiff had. leave to-enter' up continuances in said case, as of the said September term and the following April term of the said Superior Court, which was accordingly permitted and done; whereupon the plaintiffs insisted that the condition annexed to the judgment entered on the non-suit, and, the certifying- the cause as unfinished business of the late Superior Court, sufficiently showed.that the cause was then still depending, and that tire said conditional entry was, in legal effect, a rule pending to show cause why the non-suit should not be set aside, and that they might then be permitted to do so. This the Court refused, and- ordered- the cause to be stricken from the docket, to which the plaintiffs excepted. Whereupon the said cause was, on awrit of error, issued from the Superior Court,.certified to that Court; and an order was thereupon made by the said Court, and a mandamus issued to the Circuit Court, commanding it to give day to the said cause, and to proceed to try and determine the same. That, at June term, 1822, on motion of the plaintiffs, the said non-suit was set aside, and leave given them to file a declaration, ivmc pro■ time, which was done as of August term,, 1818, of the Superior Court, wherein the said plaintiffs, Astor, Crooks and Stuart,, complained of Tálbot Chambers, William S. Blair and Willoughby Morgan, in a plea of trespass, m et armis, for taking and detaining two-boat loads of goods, &c., to thsir damage of $12,000.
That a plea of not guilty was filed with the declaration, stating: that the defendant, Chambers, came by-,■ his attorney, on which issue was joined. This plea waa. not signed by any attorney, and the cause-was-continued to the next term, when it was tried by a jury, and verdict and judgment given for the plaintiffs for $6,500 ;. after which the plaintiffs entered a remittiter for $1,500.
At the same term, the defendant, Chambers, by his attorney, Mr. Pettis, moved to setaside the judgment, for several reasons therein stated, which was overruled. Abill of exceptions-was filed, stating, that at the-trial of the cause,- Mi-. Wash, who had,, as he admitted, been formerly of counsel for the defendant, and who had- appeared.' for him in opposing the motion to set aside the non-suit, declined appearing as attor- - ney for the defendant, but offered himself to the Court as an amicus curia, and in that character attended the. trial; On the rule to set aside the judgment, the same gentleman appeared, and there, for the first time, insisted that the pica in the record had been placed on the files by the plaintiff’s-counsel, which was admitted;. but they contended it was the same in substance with the plea filed originally by the defend - ant, which was not deniedwhich facts the defendant prayed might be put on the - record,-which was done..
To-reverse this latter judgmentj-a-writ of error has been-brought, the following', errors assigned, and. joinder..
The general error:
First. That the declaration was permitted to be filed, nunc pro tunc, when'it did) not appear by the record of the Court that any process had-been issued, or any., declaration .filed against the said Talbot by -the defendants.
*235 Second. That the Court permitted the defendant’s counsel to file, in his, Talbot’s-name, and without his consent, or of his counsel, the plea of not guilty, to the declaration ; the said Talbot not being in the said Court when the plea was filed.
Third. That the non-suit ought not to have been set aside.
Fourth. That the judgment ought to have been a judgment by default.
Fifth. That no notice was given to the defendant below, that the non-suit was set-aside.
Sixth. That the Court erred in-refusing to>set aside the judgment.
This Court, recognizing the authority which Courts of justice have, to order new pleadings, &c., to be filed, to replace those which may have been lost from the records or files of their respective Courts, entertain, however, great doubts, whether any of the Courts than those from which-these pleadings, &c., have been so lost, can legally exercise such power; because, in contemplation of law, the Judges are supposed to have a knowledge of all the records and proceedings of their respective Courtsadmitting however, that such other Courts had this power, we will inquire whether the Circuit Court exercised it in this case.
The cause, certified from the late Superior Court to that Court, was one in which Talbot Chambers was impleaded with Willoughby Morgan; bub the cause in which the declaration and plea-was filed, mine pro tnmc,vfas one in which Talbot Chambers, impleaded with Willoughby Morgan and William S. Blair, were defendants, both of them at the suit of the same plaintiffs. The latter declaration and pleajso supposed, to be filed, mine pro tunc, was'between different parties, and in a different cause, than that which had been-certified from the late Superior to the Circuit Court, and which: had been depending in the former Court.
The said declaration and other proceedings, and consequent judgment thereon, must' therefore, be erroneous* as not? being had or rendered, either in a cause originally-' commenced in the Circuit Court, or transferred thither from the late Superior" Court;- and, consequently, the judgment of non-suit, in the cause so certified, is still: in force.
Not deeming.it necessary to take particular notice of all the- points in the cause, we will, however, give an opinion-as to one of them.
The- proviso reserved to the plaintiffs, to set aside the judgment of non-suit, on-cause shown, can scarcely be considered as a rule to show cause. It was merely a reservation or provision, made for their benefit, of which they might avail themselves or not, at their pleasure. If they had wished to have done so, they must have done it according to the established rules and practice of Courts. In New York, and in the English Courts, motions for new trials, arr.est of judgment, or setting aside non-suits, must be made within the four first days of the term in bank, next succeeding the return of the postea, in cases tried at nisi prints ; and they must be set down for argument by the party making the motion and obtaining the rule.
With us, all trials are held at bar in-term time; and therefore, as we can have no nisi prius record or postea to return, a rule has been made by statute, directing that motions for a new trial should be made within four days after the trial; the same-reason will apply, and'^we believe has been practiced on, as to other motions, after trial. A decision on those motions ought to be had at the same termif not, the motion ought to be continued on the docket to the succeeding term. It does not appear, indeed it is clearly to be inferred, from the record, that the plaintiffs below,» book no- steps in order, to. have a decision on the proviso, or rule, if it must be w *236 called, nor did they continue the motion on the docket, either at that or any succeeding term, until April, 1821, lour terms after the judgment of non-suit, viz: two ol the Superior Court, and two of the Circuit Court, after the change of government. Could a party, obtaining a rule for new trial, &c., delay bringing the matter on for decision, at his pleasure, or for any indefinite time, it would be productive of great injustice and delay in the obtaining of judgment, which would then seldom be got.
The practice, in all Courts, limits the time in which such motions or rules shall be obtained, and also, when they shall be heard and determined. A neglect to conform thereto, is, that the judgment stands confirmed.
It is said that the defendant below ought to have compelled the plaintiffs to proceed on the rule or proviso granted them. This is not correct. If a party, obtaining a rule, does not proceed in it, the other party cannot compel him: 4 Taun. Rep. 883; Doe, demise Harcourt v. Roe. The defendant, then, had no means to force the plaintiffs to proceed. It was their duty to have dono so, and as they did not, they will have to abide the consequences.
Let the judgment of the Circuit Court be reversed, with costs.