GEORGE W. DUTRO, Respondent, v. LYTTLETON H. WALTER, Appellant.

1. When work is done for another, although not in accordance with the contract therefor, yet if the work be accepted the doer thereof is entitled to recover for the value of the work so done. (Somers v. Allsman, 7 Mo. 530, cited and approved.)
2. Objections to depositions must be presented to the court in which the case is tried, or they will not be noticed by the supreme court.
3. The filing a duplicate copy of a paper lost from the files, which had been filed with the original petition, is no cause for reversal.

*Appeal from St. Louis Law Commissioner's Court.*

The facts are sufficiently stated in the opinion. At the trial, the commissioner, at the request of the plaintiff, gave the following instruction: "Notwithstanding the jury may believe from the evidence that the work of bricklaying was done in an unworkmanlike manner, yet if, after the work was done, the defendant accepted the same, and agreed to pay the plaintiff a balance for the same, then the jury will find for the plaintiff:" to the giving of which defendant excepted.

*Carr*, for appellant.

*A. M. & S. H. Gardner*, for respondent.

BAY, Judge, delivered the opinion of the court.

This was a suit instituted in the law commissioner's court to enforce a mechanic's lien for work and labor performed, and materials furnished, in the construction of a dwelling-house. Plaintiff claimed a balance due him of ninety-eight dollars.

Dutro v. Walter.

Defendant, in his answer, alleges that the work was not done in a workmanlike manner, and sets up a counter-claim to the amount of seventy-five dollars, for medicines and medical services.

The case was tried by a jury, and a verdict rendered for the plaintiff of one hundred dollars and sixty cents.

Three grounds of error are assigned in this court:

First—That the court erred in permitting the deposition of Samuel Singley to be read in evidence. The record does not show that any objection was made to the reading of the deposition, and it is too late to raise the objection here.

The second ground of error is, that the court permitted plaintiff, upon the trial, to file an account in lieu of one previously filed, and which was lost or mislaid. The account so filed is a copy of the account filed with the clerk of the land court at the time of taking the lien, and declared upon in the petition. The filing of the same upon the trial presented no new issue in the cause, and did not change or affect the pleading in any respect, nor did it surprise the defendant. It is, therefore, no ground for reversal.

The third point relates to the instruction given on the part of the plaintiff. This instruction enunciates as a proposition of law, that though the work may have been done in an unworkmanlike manner, yet if, after the same was completed, the defendant accepted it and agreed to pay for it, the plaintiff is entitled to recover therefor.

This we regard as good law. In Thompson & Somers v. Allsman, 7 Mo. 530, it was held by this court, that, although the work may not be done according to the contract, yet if the work is afterwards accepted, the person performing the word is entitled to recover its value.

It is supposed by the appellant that the instruction excluded from the consideration of the jury the issue made upon defendant's offset. We think not; but regard it as a declaration of the law applicable to that branch of the defence relating to the character of the work.

The other judges concurring, the judgment is affirmed.