GIDEON HOWELL, Defendant in Error, *vs.* REYNOLDS COUNTY, Plaintiff in Error.

1 *Practice, civil—Verdict—County warrants—Statute of jeofails, etc.*—In a suit upon county warrants, the omission in the petition of an allegation that there were funds in the county treasury out of which the warrants might have been paid, will not, after verdict, impair the judgment, but will be supplied by the court in aid of the verdict. (W. S., 1036, § 19.)'

2. *Practice, civil—Replication—Failure to file—Objection on ground of—Verdict.*—After trial ended and verdict rendered, as though a replication had been in fact filed, it would be too late to raise the objection that such pleading had been omitted.

*Error to Wayne Circuit Court.*

*J. R. Arnold*, for Plaintiff in Error.

I. To the allegations of the answer there was no reply, and it stands confessed that the warrants were obtained by fraud and in violation of law, and that no consideration was paid therefor. (Gen. Stat. 1865, p. 661, § 36 ; Robards vs. Munson, 20 Mo., 65 ; Ennis vs. Hogan, 47 Mo., 513.)

II. The officers of a county are part of the State government, with specific power and duties generally local to the county, and, in liquidating the demands against the county, this court should not compel County Courts to pay off their warrants in any other order than that pointed out by statute. (G. S., 1865, p. 227, § 8; Barton County vs. Walser, 47 Mo., 201.)

III. The petition does not state facts sufficient to constitute a cause of action. It should have averred that all prior warrants issued by the County Court of said county and presented for payment had been paid, or that the treasurer had set apart money for the payment of warrants previously presented on the fund the warrants in suit are drawn on, and that the treasurer had the money belonging to the fund the warrants in suit were drawn on, sufficient to pay the same, and refused to pay, etc.

IV. The errors complained of arise on the face of the record and should be acted on by this court, although there was no

motion in arrest of judgment. (Collins vs. Sanders, 46 Mo., 389; State vs. Marshall, 36 Mo., 400; Jones vs. Tuller, 38 Mo., 366.)

*Whittelsey*, for Defendant in Error.

I. The defendant was entitled, if no reply was actually filed, to a judgment of *non pros* for failure to reply, and that he waived. (W. S., p. 1053 § 6; Smith & Wife vs. City of St. Joseph, 45 Mo., 449, 450; Henslee vs. Cannefax, 49 Mo., 295.)

II. If no reply was actually filed the defendant by proceeding to try the issues without asking for a judgment of *non pros*, or to take the answer as confessed, waived the defect, and having also failed to move for a new trial or in arrest of judgment, or to tender a bill of exceptions, he must be held as having waived any defect in the pleadings, which did not show a want of jurisdiction or a statement of facts sufficient to constitute a a cause of action, or that upon the whole record the plaintiff was not entitled to recover. (2 W. S., p. 1015; Smith vs. City of St. Joseph, 45 Mo., 450; McClurg vs. Hurst, 37 Mo., 144.) The defendant failed to move for judgment on the pleadings as he should have done. (Henslee vs. Cannefax, 49 Mo., 295.)

III. The defendant failed to give the Circuit Court the opportunity of correcting any error it committed by moving for a new trial or in arrest of judgment. (2 W. S., p. 1068, § 39.) The error, if it be one, is noted first in this Court.

IV. The judgment was for the right party, (2 W. S., p. 1068, § 40), and the error was immaterial. (Miller vs. Graham, 41 Mo., 509; Morgner vs. Kester, 42 Mo., 466; Whit. Prac. 517.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on several county warrants drawn on funds appropriated to county expenditures.

The answer denied that the warrants were for any valuable consideration, and set up that they were obtained by false and fraudulent representations.

The record does not show that there was any replication to the answer, but the case was submitted to the court and tried as though there had been a replication, and a verdict and judgment was rendered for the plaintiff for the amount of the warrants.

There was no motion in arrest or for a new trial, and no bill of exceptions. The case is here simply upon the record. The suit was originally brought in the Reynolds Circuit Court and taken by a change of venue to Wayne Circuit Court.

The petition was defective in not stating that there were funds in the treasury out of which the warrants might have been paid, and that the treasurer refused to pay them out of such funds. But after a verdict has been rendered, such omissions are not allowed to stay or impair the judgment, but will be supplied by the court in favor of the verdict. (See § 19, 2 W. S., 1036.) If the verdict had been against the plaintiff and he was here trying to set it aside, it might be held that on account of such omissions the verdict was for the right party, although errors in other respects might have been committed. The omissions referred to are allowed to be supplied in support of the finding and judgment.

In regard to the want of a replication, the proper time to have taken advantage of it was by a motion to *non pros* the plaintiff, or upon the trial to have asked that the allegations might be taken as true. (See 2 W. S., 1053, § 6; 2 W. S., 1019, § 36.) If however such motions had been made, the court in furtherance of justice would have permitted a replication to be filed instanter. After trial and verdict as though the replication was in, it is too late to make the objection, nor can such objection be made for the first time in this court to impair a verdict and judgment. Smith and Wife vs. City of Joseph, 45 Mo., 449; Henslee vs. Cannefax, 49 Mo., 295.

I have examined the record and find no sufficient error to warrant us in interfering with the judgment.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.