**K & D CONSTRUCTION COMPANY d/b/a Midwestern Construction Company, Plaintiff-Appellant,**

v.

**D. L. W. CONSTRUCTION COMPANY d/b/a Werner Construction Company et al., Defendants-Respondents.**

**No. 26046.**

Missouri Court of Appeals,
Kansas City District.

Dec. 4, 1972.

---

Howard D. Lay, Donaldson & Lay, Kansas City, for plaintiff-appellant.

A. Glenn Sowders, Jr., Kansas City, for defendants-respondents.

Before DIXON, P. J., and CROSS and SWOFFORD, JJ.

SWOFFORD, Judge.

This is an appeal from money judgments arising in litigation involving mechanic's liens wherein there were originally multiple parties. The only issue remaining for our determination, however, is the propriety of a judgment rendered in a court-tried case in favor of the defendant-respondent, Nugent Brothers Roofing and Siding Company, Inc., hereinafter called "Nugent", against K & D Construction Company d/b/a Midwestern Construction Company, plaintiff-appellant, hereinafter referred to as "Midwestern", in the amount of $4918.-00 plus interest.

A history of this litigation is necessary for the determination of this issue.

The evidence in the court below showed that the defendant-respondent, Ethyl Corporation, was the owner of certain laboratory buildings and land, and entered into a construction contract with D.L.W. Construction Company d/b/a Werner Construction Company, hereafter called "Werner", for improvement and repairs, including roofing, to its property. Werner thereafter entered into a contract with plaintiff Midwestern to accomplish this work. Midwestern in turn employed Nugent to do the roofing work at a figure of $8918.00.

During the course of the work, Werner removed its offices from Missouri to the state of California, and at the time of the trial of this action had gone into bankruptcy in California.

Upon the completion of the work, Ethyl Corporation paid Werner the contract price, but Werner failed to pay Midwestern, and Midwestern still owed Nugent the sum of $4918.00 on its subcontract for the roofing.

Midwestern filed this action against Werner and Ethyl Corporation to perfect its mechanic's lien for the amount of the contract price. Thereafter, Nugent filed its motion for leave to intervene in said action and for authorization to file an answer and counterclaim and a cross petition, and was granted such leave by the court below.

At the time of the preparation of the transcript on appeal now before us, the

court reporter included the following (T. 27):

"(Reporter's note: A search of the file was made and the pleading of Nugent Brothers Roofing and Siding answer, counterclaim and cross-petition was not found therein.)"

It is apparent, however, from the record, and is not denied, that copies of Nugent's intervening petition, counterclaim and cross-petition were served upon counsel for all of the then parties to the litigation.

The plaintiff filed its answer to the cross-petition of Nugent and its reply to Nugent's counterclaim. Ethyl Corporation filed its answer to Nugent's cross-petition coupled with a counterclaim against Midwestern. Werner filed no response and permitted the case to go to trial as to it as a default matter.

The trial before the court below resulted in a judgment in favor of the plaintiff, Midwestern, against Werner, for $23,931.00 plus interest; a judgment in favor of intervenor Nugent against the plaintiff in the amount of $4918.00 plus interest; and a judgment in favor of the defendant Ethyl Corporation and against the plaintiff and the intervenor, Nugent, denying a mechanic's lien against its property.

In due course, plaintiff filed a notice of appeal to this court, wherein it is stated:

" * * * from the *judgment denying a mechanic's lien to plaintiff* entered in this action * * *"

The main thrust of plaintiff's brief asserted error primarily upon the failure of the trial court to declare a mechanic's lien in accordance with the content of the notice of appeal above noted, but for the first time in the record, the plaintiff in its brief, Point V, states:

"The court erred in granting judgment to Nugent Brothers Roofing and Siding Company, Inc., against plaintiff because there were no pleadings filed nor of record in this cause requesting judgment or any relief to Nugent Brothers."

While this appeal was pending and before argument, the plaintiff filed with this court a voluntary dismissal of its appeal with respect to Ethyl Corporation only, and reserved its right to proceed with its appeal as to Nugent. The case was therefore argued and is now under submission upon the sole point as above noted in Point V of appellant's brief.

Appellant's position must rise or fall upon its contention that since no pleadings of Nugent's were found by the officials of the court below, that no cause of action was ever stated by Nugent against the plaintiff and that proof without a pleading basis of a stated cause of action cannot support a verdict against it in favor of Nugent.

There are two reasons why this view cannot and will not be adopted.

■ First, it is apparent to this court from the record that this is not a situation wherein there was a failure to file a necessary pleading, but rather, it is a situation where a pleading was filed but thereafter lost or misplaced. The order of the court below permitting Nugent to intervene and to file an answer, counterclaim and cross-petition notes that Nugent filed its motion for leave to intervene and to file its answer, counterclaim and cross-petition, and states (T. 26):

" * * * and the Court being fully advised in the premises finds that the said applicant asserts in its motion that it possesses a valid and subsisting claim for mechanic's lien herein; * * * and the Court further finds that the matters set forth in the aforesaid motion are true and that this applicant is entitled to intervene in this action as a matter of right and that the motion of the applicant should be granted. * * *"

Further, the record shows that both the plaintiff and Ethyl Corporation filed

appropriate responsive pleadings, an answer to the cross-petition and reply to the counterclaim, and Ethyl Corporation also filed a counterclaim against Midwestern for any sums which it might be required to pay Nugent to discharge any mechanic's lien established in Nugent's favor. There can be no doubt but that the plaintiff was fully advised and served with copies of Nugent's pleadings and thereby the primary object of any pleading, namely, to give notice of the claims, or defenses, was fully satisfied.

Neither did the plaintiff at the time of the intervention or at the time of trial, or thereafter, until it filed its brief here, raise any point, make any objection or request any action in the court below because of any lack of record pleadings in behalf of Nugent.

Before the adoption of the new code of pleading, and even under the more technical ancient rules of statutory pleading in Missouri, derived in substantial degree from common law pleading, the courts of Missouri have shown liberality in permitting lost or misplaced pleadings to be replaced by copies, even where issues thus raised are strongly contested, Chambers v. Astor, 1 Mo. 327; Owens v. Tinsley, 21 Mo. 423, 426; Dutro v. Walter, 31 Mo. 516, 517; Howell v. Reynolds County, 51 Mo. 154, 156; St. Louis, C. G. & Ft. S. Ry. Co. v. Holladay, 131 Mo. 440, 33 S.W. 49, 52; Warder, Bushnell & Glessner Co. v. Libby, 104 Mo.App. 140, 78 S.W. 338, 339; Adams v. St. Louis-San Francisco Ry. Co., Mo.App., 251 S.W. 124; 71 C.J.S. Pleadings § 418, pp. 850, 851.

This inherent power of the court to replace lost records subserves the interests of substantial justice where there is no showing of real surprise or prejudice to the parties involved. While there was no replacement of the missing pleadings of the intervenor so far as the record before us shows, it is obvious that no surprise or prejudice to the plaintiff ensued from the fact that these records were in fact missing. The failure of the plaintiff to take any action at the trial level was in fact a waiver of any objection to the lack of proper filing, even though such had been established, 71 C.J.S. Pleadings § 408, p. 842:

> "*Waiver*. Failure properly to file is waived unless seasonably objected to; and pleading to, or arguing, a pleading is an admission that such pleading was filed."

In the case before us, the plaintiff joined issue with the intervenor's pleadings and proceeded to trial without objection or any other claim for relief.

By the adoption in 1943 of our present pleading code, the Legislature approved an even more lenient approach to the situation where issues not raised by pleadings were tried by express or implied consent. Section 509.500 V.A.M.S., and Rule 55.54, Rules of Civil Procedure, V.A.M.R., provide in part as follows:

> "When *issues not raised by the pleadings* are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.* * * *" (Emphasis supplied)

■ There is a second reason why appellant's position is untenable.

The record before us shows that the intervenor, Nugent, testified in support of his claim, was cross-examined by counsel for plaintiff and for Ethyl Corporation, and introduced documentary evidence showing its employment as a subcontractor of the plaintiff on the Ethyl Corporation job. All this without any objection from anyone as to the alleged lack of record pleadings.

But even more importantly, this record shows that the plaintiff in the course of the trial made the following admissions through its vice president, Roger S. Kittle, in cross-examination by counsel for Nugent (T. 63):

"Q Did you sign a purchase order for a specific amount of money to be paid to Nugent Bros. for the work performed?

A Yes, sir.

Q And did they perform all of their work?

A Yes, sir, they did.

Q Was it performed satisfactorily?

A Yes, sir."

and (T. 65):

"Q All right. And what is the balance due at the present time?

A Forty-nine hundred and eighteen dollars.

Q All right. And do you admit that that amount is due Nugent Bros. at the present time?

A Yes, I do."

At the close of plaintiff's evidence, based upon the above admission of Mr. Kittle, and with no apparent objection on the part of counsel for plaintiff, the court sustained Nugent's motion for a judgment against the plaintiff in the amount of $4,918.00.

Nugent then testified in an attempt to establish this amount of money as a lien on Ethyl Corporation's property. At the close of the evidence, the plaintiff requested the court to make findings of fact, one of which was as follows:

"EIGHTH: That K and D (plaintiff) entered into a written sub-contract with Nugent to perform the roofing work on the hereinbefore described premises evidenced by Nugent, Exhibit A, for a total price of $8,600.00 of which $4,000.00 has been paid and $4,918.00 is due and owing and not disputed by K and D."

Thereafter, plaintiff filed its motion to amend and set aside the judgment entered in favor of Ethyl Corporation on the claim for a mechanic's lien or in the alternative for a new trial, and it raised no point therein with reference to the Nugent judgment nor the claimed lack of record pleading for the Nugent claim. This motion was denied and thereafter the limited notice of appeal above noted was filed.

Under the facts in this record, it is difficult for us to believe that the position asserted by plaintiff for the first time in its brief under Point V is anything more than an afterthought and it would be a gross injustice to set aside the judgment on such grounds.

The judgment below in favor of defendant-respondent, Nugent Brothers Roofing and Siding Company, Inc. and against the plaintiff-appellant is therefore affirmed.

It is so ordered.

All concur.