Robert F. WALTERS, Appellant,

v.

Constance R. WALTERS, Respondent.

No. 43014.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1981.

David C. Godfrey, Clayton, for appellant.

Ellsworth Cundiff, Jr., St. Charles, for respondent.

REINHARD, Judge.

Husband appeals following the trial court's order modifying a previously entered decree of dissolution.

This appeal arises after a hearing held before the trial court on wife's request for an increase in child support. On the date set for the hearing, both parties appeared, with counsel, and proceeded to try the case without objection. At the conclusion of the evidence, the court informed the attorneys that although the minute entries in the court file showed that wife's motion to modify had been filed, the court was unable to find the motion. Husband's counsel then moved to dismiss; the court denied this motion and allowed wife's counsel to introduce a copy of the motion to modify to replace the missing pleading.[1] The court thereafter ordered the original decree of dissolution modified to provide that husband's payments to wife in support of each of the two minor children would be increased from $110 per month to $160 per month.

On appeal, husband now contends that the trial court erred in overruling his motion to dismiss, and in permitting wife's counsel to file a copy of the motion to replace the lost pleading.

We cannot agree with husband's contentions. It has long been established that our courts have inherent power to replace lost or missing pleadings with copies, and may liberally exercise this power "even where issues thus raised are strongly contested." K & D Const. Co. v. D.L.W. Const. Co., 488 S.W.2d 279, 282 (Mo.App.1972).[2] Further, it is obvious here that there was no real surprise or prejudice to the parties. The record clearly shows that wife's original motion to modify was filed, that husband was served with a summons in this matter, that husband's attorney promptly entered his appearance in the case, and that both parties filed interrogatories, answers, and financial statements with the court regarding wife's request. In addition, at the hearing, both parties appeared on the day set and presented evidence; only when the court pointed out the absence of wife's original motion from the court file did husband's counsel object to the proceeding on that ground. We hold that by proceeding to fully contest the substance of the case without objection, husband had already waived any objection concerning the filing of wife's motion, and the trial court committed no

---

1. Wife's attorney testified that the copy was a copy of the motion which had been filed with the court.

2. Husband chiefly relies upon what he asserts was a failure by wife to comply with the provisions of § 109.160, RSMo 1978, in replacing the missing pleading. *But see, St. Louis, C.G. & Ft. S. Ry. Co. v. Holladay*, 131 Mo. 440, 454, 33 S.W. 49, 52 (Mo.1895), where the court held that failure to strictly comply with the statute in replacing missing pleadings was no ground for reversal.

error in allowing the lost motion to be replaced by a copy. *Id.*

Judgment affirmed.[3]

CRIST, P. J., and SNYDER, J., concur.

**3.** Wife's motion to dismiss husband's appeal because of his failure to supply a complete legal file and failure to make a complete statement of facts is denied.