EANS' ADM'R, *Plaintiff in Error*, v. EXCHANGE BANK OF JEFFERSON CITY.

1. **Pleading:** SUIT BY ADMINISTRATOR. A petition sufficiently shows plaintiff's right to sue as the administrator of the estate of a decedent, which alleges his death, the appointment, as administrator of his estate, of the plaintiff by a certain court, that such court had probate jurisdiction in the county where he died, and that plaintiff qualified and was acting as such administrator.

2. ———: FACTS NECESSARILY IMPLIED NEED NOT BE STATED. A petition which alleges that defendant delivered to plaintiff's intestate a certain certificate of deposit, which was payable to such intestate, impliedly alleges that such intestate was the holder and owner thereof.

3. ———: SUIT UPON LOST INSTRUMENT. In a suit upon a negotiable instrument alleged to be lost, it is not necessary also to allege that a bond of indemnity has been given; such bond must be given before judgment is rendered in plaintiff's favor, but this may be done after the pleadings are filed and issues joined.

4. ———: LIABILITY OF THE SUCCESSOR OF A BANK FOR DEPOSITS THEREIN. A petition alleged a deposit by plaintiff with a certain bank, that this bank went into liquidation, that thereafter the defendant was organized as a banking corporation, and came into possession of and received, as the successor of the first bank, for plaintiff's use, the money so deposited. *Held*, that it stated a cause of action against the defendant.

*Error to Cole Circuit Court.*—HON. G. W. BURCKHARTT, Judge.

REVERSED.

*Belch & Silver* and *Ewing & Hough* for plaintiff in error.

*J. R. Edwards, Owens* and *Smith & Krauthoff* for defendant in error.

HENRY, J.—This suit was instituted in the Cole circuit court, and the following is the petition filed:

"Plaintiff for his amended petition states that Wm. H. Eans departed this life in Cole county on the 27th day of September, 1878; that plaintiff was thereafter duly ap-

pointed administrator of the estate of Wm. H. Eans by the county court of Cole county, which court then had probate jurisdiction in said county, and plaintiff accepted said appointment and qualified as said administrator. Plaintiff states that on September 1st, 1878, the National Exchange Bank of Jefferson City was a banking corporation created and organized under the act of congress of the United States of June 3rd, 1864, and the acts amendatory thereto, providing for the creating and establishment of national banks, and was carrying on the business of banking at Jefferson City, Missouri, under the name and style of National Exchange Bank of Jefferson City. Plaintiff states that on the 1st day of September, 1878, Wm. H. Eans, plaintiff's intestate, delivered to and deposited with the aforesaid bank, at its place of business in Jefferson City, the sum of $1,500 in current funds, which said money said National Exchange Bank of Jefferson City accepted and received from said Wm. H. Eans, and became indebted to him therefor, as was evidenced by its certificate of deposit, which said bank delivered to said Wm. H. Eans on said day, and which certificate of deposit is now lost, and, therefore, plaintiff is unable to file it herewith. Plaintiff states that said bank promised and agreed with said Wm. H. Eans to pay to him interest on said deposit for the use thereof at the rate of five per cent per annum from the date of the making thereof until the same should be withdrawn. Plaintiff states that afterward, to-wit: on or about the 1st day of May, 1879, the said National Exchange Bank of Jefferson City went into liquidation and closed its business and ceased its organization as said national bank, in conformity with the act of congress in such cases made and provided, and thereupon afterward, to-wit: on or about the 23rd day of May, 1879, the defendant was legally organized and created a banking corporation for purposes of deposit and discount under the laws of the State of Missouri, under the name and style of "Exchange Bank of Jefferson City," and has, under said name, since said time, been engaged in

carrying on its business of banking at Jefferson City, Missouri. Plaintiff states that defendant, so organized and created a banking corporation aforesaid, came into possession of and received as successors to the National Exchange Bank of Jefferson City aforesaid, and for plaintiff's use, the said sum of $1,500 deposited in said last bank by plaintiff's intestate, and defendant thereupon became liable to plaintiff, as administrator of the estate of said Wm. H. Eans, for said deposit so received, with interest thereon at the rate of five per cent per annum from the 1st day of September, 1878; and plaintiff states that as said administrator he did, on the 11th day of November, 1879, demand payment of said indebtedness, which was refused, and is still refused, and the same remains wholly unpaid, wherefore plaintiff asks judgment against the defendant for said sum of $1,500 with interest thereon at five per cent per annum from September 1st, 1878, and his costs."

To this petition a demurrer was sustained by the court, and judgment rendered in favor of defendant, from which plaintiff has duly prosecuted his appeal. The grounds of demurrer are, that the petition does not state facts constituting a cause of action; that it states no facts authorizing plaintiff to sue; that it does not allege that the intestate at his death was the owner of the certificate of deposit; that it is not alleged that it ever came into plaintiff's possession, as administrator; that the certificate being of a negotiable character, plaintiff cannot maintain this suit, without complying with the statute providing for the protection and indemnity of defendant in such case; that there is no allegation showing a liability, in law, of defendant for the debts of the National Exchange Bank, and also that if, as alleged, said national bank paid the sum of money sued for, to the defendant as trustee for plaintiff's use, such trust cannot be enforced in a suit at law.

That there are sufficient facts alleged to show plaintiff's right to sue, we have no doubt. Bliss on Code Plead-

1. PLEADING; suit ing, § 264; *Duncan v. Duncan*, 19 Mo.
by administrator. 368; *Bird v. Cotton*, 57 Mo. 568.

Nor do we think that the petition fails to allege that plaintiff came into possession of the certificate of deposit.

2. ——: facts nec- If Eans, in his lifetime, had sued the de-
essarily implied
need not be stated. fendant, an allegation in his petition, that it was payable to him, would imply that he was holder and owner, and that fact need not be more specifically alleged. Bliss on Code Pleading, § 176; *Bank v. Wadsworth*, 24 N. Y. 547; *Keteltas v. Myers*, 19 N. Y. 231.

It is also contended by defendant's counsel, that when it is alleged that a negotiable security is lost or destroyed,

3. ——: suit upon the suit cannot be maintained, until plaintiff
lost instrument. shall have indemnified defendant against his liability to an innocent holder, who may have acquired it. By the English authorities it seems that at law no action could be maintained on a lost or destroyed instrument, but the party claiming under it had to resort to equity, which could require him to give the indemnity now required by our statute. Story on Prom. Notes, (19 Ed.) § 108. In the case of *Welton v. Adams*, 4 Cal. 39, cited by respondent's counsel, it was held that a suit on a lost or destroyed note could not be maintained at law, until the party liable had been indemnified against future claims upon it. It does not appear that there was any statute of that state on the subject, but our statute, (R. S., § 3559,) expressly provides that "An action or defense may be maintained on any instrument of writing, notwithstanding it may be lost or destroyed," and section 3652 declares that: "To entitle a party to *recover* he, or some responsible person for him, shall execute a bond to the adverse party, in a penalty at least double the amount of such note or bill to be approved by the court in which the *trial* shall be had, conditioned to indemnify the adverse party against all claims by any other person, on account of such note or bill, and against all costs and expenses by reason of such claims." We have italicized that portion of the section which we think, mani-

festly contemplates a suit pending, in which the court shall require the bond. It is a matter that does not pertain to the sufficiency of the petition. The suit is properly instituted on the lost note, and the petition is sufficient, without stating that the bond of indemnity has been given. The plaintiff, however, must execute the bond before the court can render a judgment in his favor, and this may be done after the pleadings are filed and issues joined.

The only remaining question is, whether the petition alleges facts which show the liability of defendant for 4. ——— : liability of plaintiff's demand? It expressly avers the successor of a bank for deposits that after the National Exchange Bank therein. went into liquidation, the defendant organized as a banking corporation, and came into possession of, and received, as the successor of the said National Bank, for plaintiff's use, said sum of $1,500, deposited in the said National Bank by the intestate. The demurrer admits the truth of these allegations, and, if they are true, defendant is liable to plaintiff for money had and received to his use. If, as alleged, defendant is the successor of the said National Bank, and the funds and property of the latter passed into the hands of the former, its liability to depositors of money in the latter bank, has been expressly held in *Hopper v. Moore*, 42 Iowa 563. See also *Hughes v. School Dist.*, 72 Mo. 643; *Thompson v. Abbott*, 61 Mo. 176. Any other doctrine, it seems to us, would be monstrous. As well contend that because one has his name changed by legislative enactment, he thereby avoids all obligations incurred in his former name. The names of banks may be changed. At the expiration of the old a new charter may be granted to the same bank, even with enlarged or restricted powers; literally, it is not the same corporation, substantially it is, and to permit an escape from its liabilities, by such continuances, would not be very creditable to the law. We are not to be understood as intimating that any such purpose was in view in this case.

The judgment is reversed and the cause remanded.