ELVIRA P. BARROWS, Respondent, v. JOSEPH H. MILLION. AND WILLIAM M. JOHNSON, Appellants.

St. Louis Court of Appeals, December 23, 1890.

1. **Practice, Trial :** VARIANCE. When a petition alleges that a note sued upon was payable to plaintiff or order, and the evidence shows that it was payable to plaintiff or bearer, the variance is not material.

2.    ———: ACTION ON LOST NOTE; NECESSITY OF BOND. If, in an action on a lost note, judgment is rendered for the plaintiff, a bond of indemnity must be executed to the defendant pursuant to the requirement of the statute; otherwise such judgment will be nugatory.

*Appeal from the Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*W. L. Berkheimer* and *John A. Whiteside*, for appellants.

*John D. Smoot* and *Charles Hiller*, for respondent.

BIGGS, J.—This is an action on a lost note, which was alleged to be negotiable. It was averred that the note was signed by one George S. Stafford, since deceased, and the defendants; that the note was made payable to the plaintiff or her order, and that it had been lost. The defendant Johnson denied the execution of the note. The defendant Million admitted that he signed a note of the date and amount stated in the petition. For defense to the action he alleged that Stafford was the borrower of the money for which the note was given, and that he (Million) agreed to become a surety for Stafford, provided his codefendant, Johnson, would also sign the note; that, on or about the date of the note alleged to have been lost, .a non-negotiable note for $500, in which the plaintiff was the payee, was presented him by Stafford's agent for his signature; that the note presented to him had the names of Stafford and Johnson signed to it, and that he, believing that Johnson had actually signed the note, attached his signature thereto. The answer then contained the further averment that Johnson's name was a forgery. The cause was submitted to a jury, and the trial resulted in a judgment against both defendants. The defendants

have brought the case to this court for review. The court excluded all testimony offered by Million in support of his alleged agreement with Stafford, and, at the close of the evidence, it directed a verdict against him for the amount of the note. The liability of Johnson was submitted to the jury, and they found against him. The defendant Million testified that, at the time he signed the paper, the names of Stafford and Johnson appeared thereon.

There are several assignments of error pertaining solely to the action of the court in respect of the special defense made by Million. If the judgment against Johnson should be sustained, it will be useless to discuss the alleged errors against Million for the reason that the latter's defense is predicated solely on the allegation that Johnson did not sign the note. The jury found that he did, and the court entered judgment accordingly. If this result has been reached without error, it necessarily follows that any error committed by the court in reference to Million was rendered harmless by the result of the trial.

It is insisted that there is such a discrepancy between the allegations in the petition and the evidence, in respect of the terms or character of the note, as amounts to a failure of proof. The averment is that the note was payable to the plaintiff or order; that the plaintiff's evidence tended to show it was payable to the plaintiff or bearer. There is no merit in this assignment. In the case of Bank v. Wills, 79 Mo. 275, it was held that, if a non-negotiable note is averred in the petition to be negotiable, it will not prevent a recovery. The courts treat such departures as variances, as contradistinguished from cases where there is an entire failure of proof.

In the next assignment it is claimed that there is no evidence that Johnson signed the note, or authorized anyone to sign it for him. This assignment requires

an examination of the evidence bearing on this partic-
ular issue. It is admitted that Johnson cannot write.
Million swears that, when he signed the note it con-
tained the signatures of Stafford and Johnson, and that
Johnson's signature, which was attested by a mark,
was in the handwriting of Stafford. Johnson swore
that he did not authorize Stafford, or anyone else, to
sign his name.

The plaintiff's evidence in support of the judgment
against Johnson is as follows :

H. M. Hiller testified : "*Q.* Did you have any
talk with Mr. Johnson, the defendant, about this note ?
*A.* What note are you talking about ?

"*Q.* Did you have a talk with him about the note
to Mrs. Barrows for $500 ? *A.* Yes, sir.

"*Q.* What did he state to you about the note ?
*A.* Mr. Johnson told me after the death of Mr. Stafford,
he and Million were on a note to Mrs. Barrows for $500.

Mrs. G. S. Stafford testified that she had a conversa-
tion with Johnson after her husband's death. She said :
"He (Johnson) just simply asked me if I knew any-
thing about that note. He said, so far as him being on
it, he had forgotten it; he didn't recollect it. And he
used the words, 'If Sanders Stafford ever asked me to
go on it, I did it.' That is about the sum and substance
of the conversation."

O. J. Snyder testified about a conversation he had
with Johnson about the Barrows note : "*Q.* What did
he (Johnson) say about the note ? *A.* Some little time
after Mr. Stafford's death is when I first spoke to him
about it. I told him I understood he was on a note to
Mr. or Mrs. Barrows, together with Mr. Million ; he
seemed to be astonished about it, and wanted to know
if I had seen it, and I told him that I hadn't. He said,
'I don't understand that at all.' He says, 'When did
I sign that ?' I says, 'I don't know anything at all
about it.' He says, 'I have no recollection of it, but, if

Mr. Stafford asked me to, I expect I did.    We have a great deal of business together, and I have no recollection of it.' "

Under this testimony we would not be justified in ruling that there was no substantial evidence in support of the averment that Johnson executed the note.    We will rule this point against the defendants.

But our attention has been called to the fact that no bond was given in this case as required by law. Until the enactment of our statute (R. S. 1889, sec. 2184), an action at law could not be maintained on a lost note. The remedy was in equity, and before the court would grant relief the plaintiff was required to give a bond of indemnity.    So when the legislature provided a right of recovery at law in such cases, it also passed section 2185, which reads:    "To entitle a party to such recovery, he, or some responsible person for him, shall execute a bond to the adverse party in a penalty at least double the amount of such note or bill with two sufficient securities, to be approved by the court in which the trial shall be had, conditioned to indemnify the adverse party against all claims by any other person on account of such note or bill, and against all costs and expenses by reason of such claims."    The supreme court has held that the giving of the bond in such cases is a condition precedent to the right to judgment. *Eans v. Bank*, 79 Mo. 182.    The statute provides that the bond shall be approved by the court.    We find no evidence in this record that such a bond was either filed or approved.    A failure to comply with this requirement of the statute renders the judgment nugatory.    For this error the judgment will be reversed and the cause remanded.    All the judges concur.