| 60  671 |
| 66  660 |

THOMAS HENDRICKS, Administrator of SAMUEL HEN-
DRICKS, Deceased, Appellant, v. JOHN WHITE-
COTTON, *et al.*, Respondents.

St. Louis Court of Appeals, January 29, 1895.

1. **Action on Lost Note**: PROOF OF SIGNATURE. When suit is brought on a lost note against the alleged makers of it, and its execution is denied, proof of the existence of a note having subscribed to it the names of the defendant will not establish their liability; proof of the authenticity of their signatures is requisite.

2. ———: FILING OF BOND. Nor can there be a recovery in such an action, unless the plaintiff has given bond of indemnity in accordance with the statutory requirement.

*Appeal from the Monroe Circuit Court.*—HON. REUBEN
F. ROY, Judge.

AFFIRMED.

*W. T. Ragland* and *R. B. Bristow* for appellant.

*R. N. Bodine* and *R. P. Giles* for respondents.

BOND, J.—This is a suit on an alleged lost note. The defendants denied under oath the execution of the instrument described in the petition. The court sustained the demurrer to the evidence, whereupon plaintiff took a nonsuit with leave, and, after an unsuccessful effort to set aside the same, appealed to this court, and assigns as error the ruling of the trial court in sustaining such demurrer.

Plaintiff's testimony shows that he is the administrator of Samuel Hendricks, who was killed in a railroad accident about two years before the present trial; that, a few years prior to his death, he gave certain

notes to a constable for collection, at which time he handed the note in suit to the said contable, who unfolded it, read it aloud and returned it, and who testified in this case as follows: "It was a note for eight hundred dollars against John Whitecotton. I do not know whether the other name was G. or George. This witness also stated that, when he handed the note back to the deceased, the latter placed it in an old fashioned leather pocketbook, with a strap in the center. Witness did not remember whether the form of the note was written or printed, nor the date or maturity of the note, but did remember that it bore interest at eight per cent. It further appeared from the evidence that, when the body of the deceased was examined after the railroad accident, two pocketbooks were found on his person by one Edward Dalton, who was requested to have them examined by defendant John Whitecotton; that in said pocketbooks were found $1.05 in money, and some kind of papers; that they were then handed over to defendant, and either he or his wife returned them to plaintiff as administrator, who found in one of them a note for $250, made by said defendant. No bond of indemnity was given on the trial of this cause.

Under the issues in this case the foregoing evidence did not make a *prima facie* case for the plaintiff. In the first place there is no proof whatever, that the note seen by the constable was *executed* by either of the defendants. Where the execution of a note is denied under oath, it becomes the duty of the party relying thereon to show by evidence that the signatures thereto were in the handwriting of the party whose name is signed to it. This can not be done by the testimony of a witness that he saw such a paper with the defendants' names thereto; for, if this were sufficient, it would only be necessary on a plea of *non est factum* to exhibit an instrument, with the names of the defendants as

makers, to establish the issue of nonexecution against them.

As proof of the signatures of defendants was an indispensable prerequisite to a recovery, and as there was no attempt in the evidence to supply this proof, the ruling of the trial court was clearly correct. It was also well sustained on the ground that appellant did not give the indemnity bond at any time during the trial, required by statutes in suits upon lost notes. *Barrows v. Million*, 43 Mo. App. 79. These conclusions involve the affirmance of the judgment of the lower court. It is so ordered. All concur.