J. W. AYLOR, Respondent, v. P. H. McMUNIGAL, Appellant.

Kansas City Court of Appeals, May 18, 1896.

Trial Practice: LOST NOTE: INDEMNITY BOND. The fact that in a suit on a lost bill of exchange the indemnifying bond required by section 2185, Revised Statutes, 1889, is not given until after the verdict and judgment, will not warrant a reversal of the judgment when such bond is given and approved by the court before disposing of the motion for new trial.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

AFFIRMED.

*McAntire & Craycroft* and *Benton & Sturgis* for appellant.

(1) The defendant contends that the judgment in this case must be reversed for the reason that this suit was on a negotiable instrument, to wit, a bill of exchange, alleged in the petition and shown by the

evidence to be lost or destroyed and yet trial was had, verdict returned, and judgment entered against defendant eleven days before any bond of indemnity was given as required by Revised Statutes, 1889, section 2185. The instrument sued on was a bill of exchange and negotiable. Tiedeman, Commercial Paper, sec. 2; 1 Daniel, Negotiable Instruments, sec. 35; 2 Am. and Eng. Encyclopedia of Law, pp. 314 and 317, cases cited note 2; *Shoe and Clo. Co. v. Crosswhite*, 124 Mo. 34. (2) The suit being on a negotiable instrument, averred and proved to be lost, the court erred in rendering judgment without the plaintiff first giving an indemnity bond. *Hendricks v. Whitecotton*, 60 Mo. App. 671; *Barrows v. Million*, 43 Mo. App. 79; *Eans v. Bank*, 79 Mo. 182; *Sauter v. Leveridge*, 103 Mo. 615; R. S. 1889, sec. 2185.

*Frank L. Forlow* for respondent.

Appellant's first proposition of law is that the court erred in entering judgment against defendant without the plaintiff having first given a bond of indemnity, and cite the court to several authorities in support of that proposition. In the case at bar, a bond of idemnity was given by the plaintiff soon after the trial was had, and before a motion for a new trial was passed upon by the court. And this we think was sufficient under the decisions cited by appellant and under Revised Statutes, 1889, section 2185.

GILL, J.—The plaintiff sued the defendant and recovered judgment on a lost bill of exchange. The indemnifying bond, provided for in section 2185, Revised Statutes, 1889, was not given until after the verdict was rendered and judgment entered; but said bond was given, and approved by the court, a few

days thereafter, and before the motion for new trial (which first called attention to the matter)was passed on and overruled. This failure of the plaintiff to furnish said bond before a judgment was rendered constitutes defendant's principal reason for asking a reversal.

It was formerly held that an action in a court of law could not be maintained on a lost negotiable instrument. The suitor, in seeking relief, was compelled to go into equity, where the court would, under its comprehensive powers, require the plaintiff, by sufficient bond or security, to protect the defendant from being subsequently charged by another party. To remedy this, the statute, as now found in sections 2184 and 2185, was adopted. In the last section, it is provided that "to entitle a party to such recovery, he, or some responsible person for him, shall execute a bond to the adverse party, in a penalty at least double the amount of such note or bill, with two sufficient securities, to be approved by the court in which the trial shall be had, conditioned to indemnify the adverse party," etc.

The purpose of this bond is manifest. The law meant to allow plaintiff a judgment against the maker of the note or bill, on the condition that the plaintiff would give the required bond to protect the defendant from any claim thereafter made by one who might have come into possession of the instrument. And is it not clear, now, that this defendant was so protected by the bond executed by the plaintiff? There is no question made as to its validity, or sufficiency, in form or substance; the only objection being that it was not executed and filed before the judgment. Said bond was, however, executed, approved, and filed before the final disposition of the cause, while the motion for new trial was pending and while the judgment was yet in

the grasp of the court; and in our opinion this was sufficient.

None of the cases cited by the defendant's counsel involve the conditions of things we have here. The nearest approach to it is that of *Sauter v. Leveridge*, 103 Mo. 615. In that case the indemnity bond was filed with the court, after the close of the evidence, and a demurrer thereto had been overruled. This was held sufficient. In other cases cited by defendant's counsel no bond was filed at all. *Hendricks v. Whitecotton*, 60 Mo. App. 671; *Barrows v. Million*, 43 Mo. App. 79; while in *Eans v. Exchange Bank*, 79 Mo. 182, it was decided that a petition on a lost note was not demurrable because it was not alleged therein that an indemnity bond had been given.

This disposes of the only substantial question raised on this appeal. There is no merit in any other point suggested. The judgment was clearly for the right party and will be affirmed. All concur.