## THE WARDER, BUSHNELL AND GLESSNER COMPANY, Respondent, v. LIBBY, Appellant.

### St. Louis Court of Appeals, January 19, 1904.

1. **JUSTICES OF THE PEACE: Lost Note: Affidavit.** A statement filed with the justice verified by affidavit of plaintiff's counsel, comprising a statement of the loss or destruction of the notes involved, accompanied by copies of the notes, authenticated by the affidavit of an officer of plaintiff, is sufficient compliance with section 3854, Revised Statutes of 1899.

2. **LOST NOTE: Indemnifying Bond: Approval of Bond.** Under section 745, Revised Statutes of 1899, in an action on lost notes, where the indemnifying bond required is filed prior to the trial and the approval thereof shown on the clerk's minute book, such entry will be presumed to have been made under direction of the court.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*J. H. Blair & Son* for appellant.

(1)    The trial court should have sustained the defendant's motion to dismiss the cause for the reasons stated therein, because: (a)   There should have been a sworn statement filed as the cause of action, alleging the loss of the notes and stating their substance.   R. S. 1899, sec. 3854; Wise v. Loring, 54 Mo. App. 258. This was a jurisdictional requirement.   Summons could not be issued until it was done, and that fact must appear from the justice's transcript or the sworn statement. R. S. 1899, sec. 3852 and 3854; Rechnitzer v. Candy Co., 82 Mo. App. 311; Ewing v. Donnelly, 20 Mo. App. 6; Sutton v. Cole, 155 Mo. 213; Fletcher v. Keyte, 66 Mo. 285; Cunningham v. Railroad, 61 Mo. 33.   Similar requirements in replevin cases have been held jurisdictional. Dowdy v. Womble, 41 Mo. App. 573; Frederick v. Tiffin, 22 Mo. App. 443; Dollman v. Munson, 90 Mo. 85; Madkin v. Trice, 65 Mo. 656; Gist v. Loring, 60 Mo. 487.    The facts must affirmatively appear on the face of the proceedings.   Warden v. Railroad, 78 Mo. App. 664; Bank v. Doak, 75 Mo. App. 332.   (b)    The issue as to whether plaintiff complied with the requirements of section 3854, R. S. 1899, was adjudged adversely on the plaintiff June 14, 1901, on the trial of its motion to require the justice to amend his docket entries, and not having been appealed from is a final determination of that issue in all subsequent proceedings in the case. Sherer v. Akers, 74 Mo. App. 222.   (2)  The indemnifying bond filed by plaintiff was not approved by the court.   No judgment could be rendered in the case until the bond was so approved.   R. S. 1899, sec. 745; Eans v. Bank, 79 Mo. 182; Barrows v. Million, 43 Mo. App. 79.

*W. W. Botts* for respondent.

(1)    The fact of the filing of these sworn copies with the justice when the suit was instituted sufficiently appears from the record and the evidence and need not necessarily appear from the justice's docket.    State v. Simpson, 67 Mo. 647.; Railroad v. Holliday, 131 Mo. 440; R. S. 1899, sec. 4560.    (2) The indemnifying bond filed by plaintiff in this cause was approved by the court on the day of trial as appears from the record entry in the clerk's minute book.    This entry is as much a part of the record as if it had been formally spread upon the record proper.    Gay v. Rodgers, 108 Ala. 624; State v. Carroll, 38 Conn. 449; Read v. Sutton, 2 Cush. (Mass.) 115; Morgan v. Bennett, 18 Ohio 535.

## STATEMENT.

In June, 1896, plaintiff, an Ohio corporation, through its agents at Vandalia, sold to defendant a Champion binder, which was delivered to defendant, set up and operated on his farm.    The contract of purchase was in form of a written order addressed to the agents by defendant, containing an agreement to pay $120 in installments to be evidenced by notes executed upon receipt of the machine, or later, when demanded; the instrument contained warranties by vendor of material, make and durability.    Shortly after the machine was started, complaint of a defect or imperfection was made to the selling agents by the purchaser, and a new roller adjusted and the machine continued in use to the time of trial.    After the first season in which the appliance had been used and tested, defendant delivered to plaintiff's agents the notes required by the terms of sale, the first of which was paid when due, but the other two for $30 and $60 respectively, payable severally on or before the first days of January and October, 1897, after delivery, were forwarded by the agents to the office

of plaintiff at Chicago, and remitted at maturity to a bank at Vandalia for collection and all trace of them disappeared. In October, 1900, plaintiff brought suit upon them before a justice of the peace in Pike county, from which court, after sundry proceedings, all the papers relating to the action disappeared; shortly after the official term of the justice expired, and this proceeding originated March, 1901, by a motion by defendant in the circuit court for a rule on the succeeding justice to amend his records, and file a complete transcript of the docket of his predecessor in office, which was sustained; in June, 1901, plaintiff filed in the circuit court a verified copy of the original statement of the cause of action filed before the justice, which described the notes, alleged non-payment, with prayer for judgment, and averred their loss and destruction, for which reason, they could not be filed, but stated that correct verified copies accompanied the petition; at the same time plaintiff filed a motion to require the justice then in office to amend the docket entries in the cause, so as to show that plaintiff had filed for suit verified copies of the notes and had deposited an amount of cash as security for costs with the constable, which motion was denied, and later the justice, in obedience to the rule granted earlier on defendant's motion, filed a complete transcript of his amended record. This transcript contained recitals that plaintiff had filed a claim against defendant and summons thereon had been issued and placed in the hands of the constable of the township and made returnable October 25, 1900, on which date the cause coming on for trial, a motion for security for costs was filed by defendant and a continuance granted to November 1, 1900, when defendant defaulting, and plaintiff appearing, the justice proceeded to hear the evidence in support of plaintiff's claim and the notes having been lost, the plaintiff produced certified copies and filed indemnifying bond in the sum of $250. After hearing the evidence, the justice found that defendant was indebted to

plaintiff in the sum named, and rendered judgment accordingly; and on the fifth of November, following, defendant perfected his appeal, and an appeal was granted by the justice to the circuit court of Pike county. On the fourteenth of October, 1902, plaintiff filed in the circuit court an indemnifying bond in due form with sureties: the regular minute book of the clerk showed the approval of this bond by the court, which entry, however, by inadvertence or oversight, was not, in accordance with the custom and practice, prevailing, transferred in more extended form on the records of the court, as is shown by a certificate of the circuit clerk. October 22, 1902, defendant filed and the court overruled a motion to dismiss, and the trial proceeded before a jury and terminated in a verdict for $125.81, from judgment upon which this appeal has been duly taken.

The evidence of plaintiff, oral, documentary and in form of depositions tended to prove the averments of plaintiff's complaint. In his defense defendant, by his own testimony, as well as by some of his neighbors, who saw the machine, sought to establish a breach of the terms of the contract, by showing that the machine delivered did not perform the work well, and in their opinion was not a first-class machine.

REYBURN, J. (after stating the facts as above.) — 1. Appellant urges that the motion to dismiss was erroneously overruled, as there should have been a sworn statement filed as the cause of action, alleging the loss of the notes and stating their substance. Section 3854, R. S. 1899, requires that if the instrument in writing, upon which the action is founded (which by the preceding section is required to be filed with the justice), is alleged to be lost or destroyed, it shall be sufficient for the plaintiff to file with the justice, the affidavit of himself or some other credible person, stating such loss or destruction, and setting forth the substance of such in-

strument. The original statement, which the evidence established, was filed with the justice, and a copy of which was a part of the record in the trial court, was composed of a comprehensive petition verified by affidavit of plaintiff's counsel, comprising among other appropriate allegations, a statement of the loss or destruction of the notes involved, the substance of which were fully set forth, and this petition was accompanied by copies of the notes authenticated by affidavit of an officer of plaintiff. The obvious purpose of the enactment was attained, and in truth the terms of the statute were literally and carefully complied with. It may be remarked that independent of the statute, a court has the power of supplying its missing papers, records or files. Railroad v. Holladay, 131 Mo. 440; State v. Simpson, 62 Mo. 647.

2. Appellant next insists that the indemnifying bond was not approved by the court, and no judgment could be rendered until such approval. Until the enactment of the present statute (R. S. 1879, sec. 3652, now section 745, R. S. 1899) no action at law could be maintained upon such lost instrument, but the remedy of its holder was in equity, and usually granted with such conditions of recovery by requirement of indemnifying bond or otherwise, as might be deemed equitable. Barrows v. Million, 43 Mo. App. 79. In construing this section the Supreme Court has held that the petition need not state the bond of indemnity has been given, but the plaintiff must execute the bond before the court can render judgment in his favor. Eans v. Bank, 79 Mo. 182. In the present proceeding the bond was filed prior to the trial, and its approval by the court was sufficiently shown by the entry in the clerk's minute book, even though such memorandum of approval was not transcribed into the record book proper; such entry will be presumed to have been made by the direction of the court and by the clerk under proper authority. Read

v. Sutton, 2 Cush. (Mass.) 115.   The bond having been tendered and the judgment rendered thereafter, the presumption might fairly be indulged in that it had been approved and ordered filed by the court.   "Acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter."   Macey v. Stark, 116 Mo. 481.

3.   The case was submitted to the jury upon a charge embracing three instructions asked by plaintiff, two given by the court of its own instance, and one asked by defendant; two of defendant's instructions being declined.   These instructions submitted the issues raised as favorably to defendant as the law justified, and afforded the jury full latitude to reduce the amount of the notes by such credit in favor of defendant to which they might believe him entitled under the evidence in his behalf and their finding is conclusive upon such controverted questions.

After a full consideration of all the objections encountered in the brief and argument of defendant, including such as have not been deemed to require specific review and refutation, no reversible error of the trial court has been revealed, and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.