W. C. HOGAN, Respondent, v. FRANK KAISER, Appellant.

**Kansas City Court of Appeals, June 26, 1905.**

1. **BILLS AND NOTES: Lost Note: Affidavit.** A statement under oath that the note sued on has been misplaced or destroyed, one or the other, is a sufficient verification under section 3854, Revised Statutes 1899, and the affidavit in the opinion sufficiently describes the note sued on.

2. ————: **Principal and Surety: Release: Estoppel.** The mere fact that the holder of a note surrendered the same to the maker upon receipt of the latter's check, which turned out to be

worthless, does not release the surety, and under the evidence the surety fails to show injury by the conduct of the plaintiff.

3. ———: **Lost Instrument: Indemnity: Jurisdiction: Justices' Courts.** In a suit on a lost instrument the filing of the indemnifying bond is not jurisdictional; and while such bond should be filed in a justices' court, yet on appeal it may be filed after verdict and before the ruling of the motion for new trial, but it is error to render judgment without such bond. ·

Appeal from Jackson Circuit Court.—*Hon. J. McD. Trimble,* special Judge.

REVERSED AND REMANDED (*with directions*).

*Meservey, Pierce & German* for appellant.

(1) The statement filed before the justice is insufficient in that it does not state whether the note is lost or destroyed, and the statement and the affidavit to it recite plaintiff's belief that the note is lost or destroyed. R. S. 1899, sec. 3854; R. S. 1899, sec. 642. (2) Plaintiff's failure to notify Kaiser that the check given by Bishop to take up the note was not paid so that Kaiser could protect himself against loss, operated to release Kaiser from liability. If the payee causes the surety to forego security when he would have taken it, the surety is released, without regard to the care or negligence exercised by the payee. Bank v. Lillard, 55 Mo. App. 675; Bank v. Danckmeyer, 70 Mo. App. 168. (3) No indemnifying bond was given or tendered by plaintiff. R. S. 1899, sec. 745; Eans v. Bank, 79 Mo. 182; Sauter v. Leveridge, 103 Mo. 615; Barrows v. Million, 43 Mo. App. 79; Hendricks v. Whitecotton, 60 Mo. App. 671; Aylor v. McMunigal, 66 Mo. App. 657; Pinnell v. Meaks, 99 Mo. App. 20; Warder, Bushnell & Glessner Co. v. Libby, 104 Mo. App. 140. (4) The affidavit is not sufficient to confer jurisdiction and does not comply with the statute. Thompson v. Higginbotham, 18 Kan. 42; Atchison v. Bartholow, 4 Kan. 124; Armstrong v. Sanford, 7 Minn. 49, and cases cited.

*Geo. A. Neal* for respondent.

(1)   Defendants obtained the note fraudulently and are estopped from demanding that it should be filed in suit. Bank v. Hoebers, 8 Mo. App. 171.  (2) Taking check and surrendering the note is not payment of the note.   Johnson-Brinkman Co. v. Bank, 116 Mo. 558; Robinson v. Railroad, 50 Mo. App. 179.   (3) Indemnifying bond is not required in suits on lost or destroyed notes before justices of the peace.  R. S. 1899, secs. 3854, 3855.   (4) The defense of usury cannot be made under the facts in this case.  R. S. 1899, sec. 3709; Ferguson v. Soden, 111 Mo. 208.

JOHNSON, J.—Suit upon a promissory note begun before a justice of the peace against W. C. Bishop and defendant.  The judgment in the circuit court was for plaintiff against both defendants but Kaiser alone appealed.   Both Bishop and Kaiser signed the note as makers but the latter was in fact a surety.   Some time after maturity, Bishop gave plaintiff his check upon a bank for the full amount due and plaintiff, believing the check to be good, thereupon delivered the note to Bishop who retained possession thereof.   The check was dishonored by the bank for lack of funds to the credit of the drawer.   In the statement filed plaintiff alleged that the note had been lost or destroyed, and supported the allegation with the following affidavit:

"This affiant, the plaintiff in the foregoing cause, being duly sworn on his oath says that said note sued on has become lost or destroyed, and plaintiff does not know whether it is one or the other, but believes it to be one or the other."

We do not entertain the view advanced by defendant that this verification fails to meet the requirements of section 3854, Revised Statutes 1899.  The words employed contain a positive and unqualified affirmation of the essential fact—plaintiff's inability to produce the

primary evidence of his unsatisfied demand, resulting from its loss or destruction, the counter-term to which would be his dispossession thereof by voluntary surrender upon payment or other satisfaction. The fact that the owner of a note is unable to state whether it has been misplaced or destroyed does not prevent his right to recover under the statute. His statement under oath that one or the other of said causes has deprived him of possession is sufficient. Nor does the affidavit here fail to describe the note. The substance thereof appears in the statement filed to which the affidavit is appended. Reference to this description is made therein disclosing the purpose to include it within the verification. [Warder v. Libby, 104 Mo. App. 140.] The surrender of the note by plaintiff to Bishop, obtained by the artifice of the latter, did not constitute payment. [Johnson v. Bank, 116 Mo. 558; 2 Parsons on Contracts, 624.] But it is insisted that through the act of plaintiff in accepting a worthless check and delivering the note to Bishop as paid, defendant was misled to his detriment and prevented from availing himself of means at hand for his protection. Plaintiff testified: "After the check was found to be no good I informed Mr. Kaiser that the check was no good and that I couldn't get any money on it. He laughed at me and he says: 'You go to Mr. Bishop. He is the man to look to for the money.' He says, 'you haven't any action against me. Bishop came up here and told me the note was destroyed. If you want any sympathy I can give you that, but I won't give you any money.'" Defendant, though called to the stand, failed to deny this conversation and it is a fair inference from his own testimony to say that his failure to attempt coercion upon Bishop resulted from his mistaken notion that the delivery of the note by plaintiff to Bishop under the belief that the check was good released defendant from liability as surety. There is no pretense that defendant was kept in ignorance of any facts known to plaintiff affecting his liability as surety,

and we therefore are asked to declare that the single act of plaintiff in returning the note to the principal released the surety—in other words, to hold that Bishop's fraud was effective. In the absence of evidence tending to show that during the interval between the reception by defendant of information that the note had been paid and cancelled and his notification by plaintiff of the dishonoring of the check defendant could and would have protected himself, we fail to perceive wherein he has been injured by the conduct of plaintiff. The contention cannot be sustained under the evidence. [Bank v. Lillard, 55 Mo. App. 675; Bank v. Danckmeyer, 70 Mo. App. 168.]

Finally, we are asked to reverse the case because of the failure of plaintiff to give an indemnifying bond as required by section 745, Revised Statutes 1899. Plaintiff answers to this that such bonds are not required in suits begun before a justice of the peace. [R. S., sec. 3854-55.] In actions upon lost instruments the filing and approval of an indemnifying bond to the defendant is not jurisdictional to the institution and maintenance of the suit but is a condition precedent to recovery which must be performed before judgment is entered. [Sauter v. Leveridge, 103 Mo. 615; Eans v. Bank, 79 Mo. 182; Barrows v. Million, 43 Mo. App. 79.] In actions originating before a justice of the peace the circuit court upon appeal derives the jurisdiction vested in the inferior court over subject matter and parties and proceeds with the cause anew, following the rules of practice and procedure which govern causes begun in the circuit court. Evidently, it was the legislative purpose, as expressed in section 745, to apply to all cases falling under the jurisdiction of the circuit court, without regard to the origin of the case, the rule followed by courts of equity of requiring a plaintiff to furnish indemnity as a condition to the granting of relief in suits upon lost instruments.

There is always a possibility that an instrument al-

leged to have been lost may appear in possession of another coupled with a claim of ownership and the right to enforce collection, in which event the defendant might be compelled to pay the same debt twice in addition to being put to expense in defending against such claim. As between the plaintiff, who lost possession of the instrument, and the defendant maker, it is but fair that the former should bear the burden of possible future demands predicated by others upon such instrument. With this principle as the motive for the enactment of the provisions contained in section 745, supra, it is inconceivable that it was within the legislative intent to exclude defendants in actions originating before a justice of the peace from the protection afforded thereby. It is more consonant with reason to infer that the Legislature, treating the subject as one relating to procedure, and in no sense jurisdictional, assumed that the enactment would apply alike to all such cases in the circuit court.

Under the views expressed, it was error to enter judgment without the giving of the statutory bond; but as the bond would have been in time had it been filed and approved before the ruling of the trial court upon the motion for new trial (Aylor v. McMunigal, 66 Mo. App. 657), and the error is without effect upon the issues involved, on reason appears for a retrial of the case.

The judgment is reversed and the cause remanded with directions to the trial court to enter judgment for plaintiff under the verdict upon the filing and approval of a bond, as required by section 745, Revised Statutes; and should plaintiff fail to give the bond in a time to be fixed by the court, the action shall be dismissed. All concur.