EMMETT M. LEWIS and EMMETT M. LEWIS, Admr. PETERIE DRUG CO., Appellant, v. GEORGE E. SMITH, G. D. WALKER, J. H. KOENING and F. W. AUSTIN, Respondents.

**Kansas City Court of Appeals, May 4, 1914.**

1. **EQUITY: Principal and Surety: Satisfaction of Judgment.** When a creditor knows that one occupies the relation of surety to the principal debtor and notifies such surety that the debt is paid, or cancels the debt, the surety being apprised thereof, and in consequence of such notice or cancellation changes his situation, as by surrendering security, or refraining from taking security which he could have taken and which he otherwise would have taken, he is discharged.

2. ———: ———: **Worthless Check.** The mere acceptance by the creditor of a worthless check given by the principal obligor will not discharge the sureties when it is not shown and does not appear that the securities were injured.

Appeal from Miller Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*W. S. Stillwell, W. S. Pope* and *W. C. Irwin* for appellant.

*L. N. Musser* and *H. L. Donnelly* for respondents.

JOHNSON, J.—In 1908, the defendant, George E. Smith, prosecuted an action in replevin in the circuit court of Miller county against Emmett M. Lewis as

administrator of a partnership estate. Judgment was rendered against Smith, and the sureties on his replevin bond, the present defendants Walker, Koenig and Austin. Lewis elected to take the value of the property which was assessed at $450 and the judgment was rendered accordingly against Smith and his sureties. On October 8, 1908, Smith gave Lewis a check on a bank in St. Louis for $463, the amount of the judgment and interest. The check was signed ''St. Louis Charcoal Company by George E. Smith, President.'' Smith was the president of that company and had authority to draw checks in the name of the company but had no authority to use its funds to pay his individual debts. Plaintiff, who is a lawyer, accepted the check and deposited it for collection in a bank in Miller county and in due time it was presented to the St. Louis Bank and paid. The proceeds came to the hands of Lewis who accounted for them as administrator and distributed them under the orders of the probate court. Lewis also satisfied the judgment against Smith and his sureties and the sureties were informed that the judgment had been paid by Smith, their principal. At the time they signed the replevin bond and when judgment was rendered against them Smith was solvent and the evidence shows the sureties were in position to protect themselves against loss but relying upon the reported payment of the judgment they considered themselves absolved from liability and made no effort to protect themselves. Afterward Smith became insolvent and retired from the presidency of the Charcoal Company. His successor discovered that he had paid his individual debt out of the funds of the corporation and caused a suit to be brought by the corporation against Lewis to recover the proceeds of the check. This was ten months after Lewis had cashed the check and long after he had distributed its proceeds among the creditors of the partnership estate which was insolvent. The Charcoal Company lost the suit in the circuit court but on appeal

we reversed the judgment and remanded the cause on the ground that since the check was drawn on the account of the corporation by the president for the payment of his individual debt "the face of it carried notice of its irregular and illegal character and if used by the creditor he runs the risk of being called upon to restore it." [Charcoal Company v. Lewis, 154 Mo. App. 548.] After remanding the cause judgment was rendered against Lewis in the circuit court and he was thereby compelled to restore the proceeds of the check to the Charcoal Company. He brought this action in the nature of a bill in equity to set aside the satisfaction of the judgment. After hearing the evidence the court rendered judgment for defendants and plaintiff appealed.

The real issue in the case is whether or not the acceptance of the check operated as a release of the sureties. Plaintiff testified that when he accepted the check he knew of its infirmity and that he did not release the judgment until after he received the proceeds and became satisfied that the corporation would make no point of the misuse of its funds. We think plaintiff voluntarily assumed all the risk of being called upon to restore the money to the corporation and discharged the sureties whose character, as such, had not been altered by the fact that judgment had been rendered against them. [Rice v. Morton, 19 Mo. 264; 23 Cyc. 1477.]

We held in Hogan v. Kaiser, 113 Mo. App. 711, that the mere acceptance by the creditor of a worthless check given by the principal obligor will not discharge the sureties when it is not shown and does not appear that the sureties were injured. [Bank v. Lillard, 55 Mo. App. 675; Bank v. Danckmeyer, 70 Mo. App. 168.] But this is not that kind of case. Here the creditor with notice of the infirmity in the check accepted it and received and used its proceeds, knowing that at some future time he might be called upon to refund them. He

did this without the knowledge or consent of the sureties and informed them by releasing the judgment that he had been fully paid and by such acts lulled them into a feeling of security. The rule is well settled that "when a creditor who knows that one occupies the relation of surety to the principal debtor notifies such surety that the debt is paid, or cancels the debt, the surety being apprised thereof, and in consequence of such notice or cancellation changes his situation, as by surrendering security, or refraining from taking security which he could have taken and which he otherwise would have taken, he is discharged." [Bank v. Lillard, 55 Mo. App. 675; English v. Seibert, 49 Mo. App. 563; White v. Smith, 174 Mo. l. c. 206; Lakenan v. Trust Co., 147 Mo. App. l. c. 58.] The present case falls under this rule and the circuit court committed no error in holding that the sureties were discharged.

Affirmed. All concur.