ELLA E. HAYS, RESPONDENT, v. KENNETH C. DOW AND THEONA B.
DOW, HIS WIFE, APPELLANTS.—166 S. W. (2d) 309.

St. Louis Court of Appeals. Opinion filed December 8, 1942.

(1)

*John Q. Brown* and *Richard F. Ralph* for appellants.

*A. H. Kerth* and *Dalton W. Schreiber* for respondent.

4

McCULLEN, J.—This suit was instituted by plaintiff (respondent) on a lost negotiable promissory note, and to foreclose a deed of trust upon real estate owned by defendants (appellants). A jury having been waived by the parties, the case was tried before the court sitting as a jury. On December 15, 1941, the court entered of record a "Memorandum of the Court" and thereafter entered judgment as of December 15, 1941, finding all the issues in favor of plaintiff. On December 16, 1941, defendants filed a motion for new trial and a motion in arrest of judgment, both of which were overruled and defendants were granted an appeal to this court.

It appears that on November 16, 1925, the Lee Realty Company, a corporation in St. Louis County, Missouri, loaned defendants $2000 for the repayment of which defendants executed a principal note in

said sum payable to said company or order, due three years after date, and six interest notes of the same date maturing from six to thirty-six months from said date. Defendants also executed at that time the deed of trust referred to later. From time to time thereafter, the principal note was by agreement of said parties extended for three-year periods and extension interest notes were executed by defendants until in 1937 an agreement for the renewal of the loan was made for one year maturing November 16, 1938, and defendants executed two renewal interest notes. Plaintiff's petition alleged that the Lee Realty Company, payee in said principal note, indorsed it in writing across the back thereof and delivered and transferred it to plaintiff for value, whereby plaintiff became the owner thereof and entitled to the amount mentioned therein.

Plaintiff alleged that the last one year extension of said note matured on the 16th day of November, 1940; that no part of the note had been paid; and that the whole amount thereof, together with interest at the rate of eight per cent. per annum from November 16, 1940, was still due plaintiff; that the note could not be filed because it had been lost while it belonged to plaintiff. In her petition, plaintiff offered to execute and deliver to defendants a bond, such as is required by law, to indemnify defendants against all claims of any other person on account of said note, and all costs and expenses by reason of such claims. Plaintiff further alleged that on November 16, 1925, defendants duly executed a deed of trust, a photostatic copy of which was filed with the petition, whereby defendants conveyed to the said Lee Realty Company certain premises in St. Louis County, Missouri, described as follows:

"Lot 24 and South 10 feet of Lot 25 in Block 2 of Oak Lawn Terrace, a Subdivision in St. Louis County, Missouri, according to the plat thereof recorded in Plat Book 21, Page 50 of the St. Louis County Records."

Plaintiff alleged that said conveyance was in trust to secure the payment of the indebtedness on the part of defendants to the Lee Realty Company for borrowed money, the same being evidenced by the principal note for $2000 and the interest notes heretofore described. The covenants of said deed of trust were set forth in the petition of plaintiff, following which plaintiff alleged that all of said interest notes had theretofore been paid but that said principal note is still due and payable. Plaintiff prayed judgment for the amount of the debt, interest and costs and that defendants and all persons claiming under them or any of them be foreclosed of all interest or equity in the redemption of the premises described in the deed of trust, and that the premises be ordered sold and the proceeds of such sale applied to the payment of costs and expenses of this action and the foreclosure of the deed of trust, and finally to the payment of said principal note and accrued interest; and that defendants be adjudged

6

to pay to plaintiff any deficiency remaining after applying to the payment of said note all of said moneys applicable thereto.

The answer of defendants was a general denial of the allegations of plaintiff's petition and a plea that said note and the payment thereof were barred by the ten-year Statute of Limitations.

Defendants contend that plaintiff failed to prove the indorsement by the Lee Realty Company of the principal note and that the judgment entered by the tiral court in favor of plaintiff was void because no indemnifying bond, as provided by Section 1115, R. S. Mo. 1939 (Mo. R. S. A., sec. 1115), was tendered or filed during the September term, 1941, of the trial court, during which term the judgment was rendered, or before defendants' motion for a new trial was overruled.

Defendants assert that this is a suit in equity, while plaintiff contends that it is a suit at law. We think it is unnecessary to discuss the fine distinctions between law and equity for it has been definitely held that a suit such as this on a note and to foreclose a deed of trust securing such note, brought under the statutes which are now Section 3447, R. S. Mo. 1939, et seq. (Mo. R. S. A., Sec. 3447, et seq.), is an action at law and not a suit in equity. While it is true the statutes *supra* have not divested courts of equity of their jurisdiction to foreclose mortgages or deeds of trust in the nature of mortgages, it is sufficient to say that there are no elements of equity in the case at bar to take it outside the statutes. [State ex rel. Wyandotte Lodge No. 35, I. O. O. F., v. Evans, 176 Mo. 310, 316, 75 S. W. 914; Brannock v. Jaynes, 197 Mo. App. 150, 160, 193 S. W. 51, 53.]

The fact that the note involved herein is alleged to have been lost cannot have the effect of changing this suit at law to one in equity. Formerly a party making claim on a lost note had to resort to a suit in equity. [Eans v. Exchange Bank of Jefferson City, 79 Mo. 182, 185.] However, our statutes, Sections 1114 and 1115, R. S. Mo. 1939 (Mo. R. S. A., Secs. 1114 and 1115), provide expressly for suits upon lost negotiable instruments. In such a suit plaintiff must execute and give to the adverse party an indemnity bond as provided for in Section 1115, *supra*, "*before the court can render a judgment in his favor* and this may be done after pleadings are filed and issues joined." (Italics ours.) [Eans v. Exchange Bank of Jefferson City, *supra*, 186.] Furthermore, the record clearly shows that all parties as well as the court tried the case as one at law with "the court sitting as a jury." We hold that this is a suit at law.

Plaintiff contends that defendants' appeal should be dismissed because it is not an appeal from a final judgment. The judgment entered by the trial court, insofar as it is pertinent here, is as follows:

"Wherefore, it is ordered, adjudged and decree by the Court that upon plaintiff executing and delivering to defendants a bond in a penalty at least double the amount of the note described in the petition of plaintiff, with two sufficient securities to be approved by the Court,

conditioned to indemnify the defendants against all claims by other persons on account of said note and against all costs and expenses by reason of such claims that plaintiff have judgment upon the note dated November 16th, 1925, and described in the petition of plaintiff, executed by the defendants, in the sum of $2,000.00, together with interest thereon at the rate of 6% per annum from the 16th day of November, 1940, for a total sum of $2,129.66.''

Following the above the judgment proceeds: ''It is further ordered, adjudged and decreed that *if* plaintiff executes and delivers said bond as aforesaid . . .'' (Italics ours), then the premises described in the deed of trust shall be sold by the trustees named in the deed of trust and the proceeds of the sale shall be applied in accordance with the directions in the judgment.

It will be observed that the judgment is conditional. Before it can be executed a condition precedent must be complied with, namely, plaintiff must file an indemnity bond. The language of the judgment on this point is ''*upon* plaintiff executing and delivering to defendants a bond, etc.;'' and further, ''*if* plaintiff executes and delivers said bond, etc.'' (Italics ours.)

The rule as to a conditional judgment is stated in 4 C. J. S., Appeal and Error, sec. 96, p. 193, as follows:

''The general rule is that a conditional judgment, order, or decree, the finality of which depends upon certain contingencies which may or may not occur, is not final for the purpose of appeal.''

It is well and long-established law in this State that the right of appeal is based upon statute, and that an appellate court is without authority to act upon an appeal unless there is a statute providing therefor, the right of appeal in actions at law not having existed at common law. [Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899; Arcadia Timber Company v. Evans, 304 Mo. 674, 264 S. W. 810; Manthey v. Kellerman Contracting Co., 311 Mo. 147, 277 S. W. 927; Biedenstein v. Feltz (Mo. App.), 156 S. W. (2d) 29.]

In Section 1184, R. S. Mo. 1939 (Mo. R. S. A., sec. 1184), wherein provisions are made for the various kinds of orders, judgments and decisions of trial courts from which an appeal may be taken, it is provided that any party to a suit aggrieved by any judgment of the circuit court in any civil cause from which an appeal is not prohibited by the constitution may take his appeal to a court having appellate jurisdiction ''from any final judgment in the case.'' No other provision of said statute providing for appeals could have the slightest application to the case at bar, hence, if this court has jurisdiction to entertain and decide this case on the merits on the appeal herein, it can only be because the judgment herein is a final judgment. We are of the opinion that the judgment in the case at bar is clearly a conditional or interlocutory judgment and not a final judgment.

By the very condition appearing on the face of the judgment itself, it is obvious that it cannot be executed unless and until the indemnity bond provided for therein has been given by plaintiff. The record herein shows that no such bond had been given when this appeal was granted, hence plaintiff could not recover and could not proceed with the foreclosure until such bond was given because that requirement is a condition inhering in and appearing on the face of the judgment itself. That the judgment is not final and hence not appealable becomes clear by a brief analysis of the situation. First, no indemnity bond having been given prior to the appeal, the condition precedent in the judgment has not been complied with; second, if and when such a bond is given by plaintiff, it must be "approved by the court," Section 1115, R. S. Mo. 1939 (Mo. R. S. A., sec. 1115), and defendants will have the right to object to it on several possible grounds. For instance, it may not conform to the conditional judgment of the court; it may not meet the requirements of the statute *supra*; the sureties may not be satisfactory to defendants. With respect to all such matters defendants would unquestionably have a right to be heard by the court. It would, therefore, take further judicial action by the court to approve any such bond before the judgment could be said to be in final form to be executed and from which an appeal would properly lie.

The situation presented here is not like those cases wherein all the material rights of the parties have been adjudicated and there remains only some incidental ministerial act to be performed to carry a judgment into effect. The ultimate rights of both parties in the case at bar are dependent upon and involved in the furnishing of a court approved indemnity bond by plaintiff. No such bond having been given, insofar as the record before us discloses, we must hold that the judgment is not final.

The action of the trial court in ruling upon defendants' motion for new trial and granting them an appeal on their application therefor could not change the court's conditional judgment into a final judgment. The granting of the appeal was erroneous because there was no final judgment to appeal from. Plaintiff could not be deprived of the right to give the bond by a premature appeal. The court had fixed no time for the approval and delivery of the indemnity bond, and even if it had not been given by the end of the September, 1941, term of the court, the record would merely show a conditional interlocutory judgment which would be automatically carried over into the next term of the court by virtue of Section 2022, R. S. Mo. 1939 (Mo. R. S. A., sec. 2022), which provides:

"No writ, process or proceedings whatsoever civil or criminal shall be deemed discontinued or abated by reason of the failure of any term or session of any court, nor by reason of any adjournment . . . or otherwise before the business pending in such court is

disposed of, but the same shall be continued and proceeded upon as if no failure or adjournment had happened.''

Under the above statute, a suit properly commenced is automatically continued from term to term *until finally disposed of*. [Alexander v. Haffner, 323 Mo. 1197, 20 S. W. (2d) 896.] (Italics ours.)

Defendants had the right at any time to move the court to require plaintiff to furnish a bond within a fixed time or have her action dismissed, but absent a fixed date for that purpose, she could not be said to be in default in furnishing such bond. When the appeal was granted, premature though it was, the trial court was temporarily divested of its jurisdiction of the case and could not and cannot take further action until the appeal herein is disposed of by this court in some manner.

We are unable to agree with defendants' view that the judgment is void and should be reversed outright because of plaintiff's failure to file the indemnity bond during the term within which the judgment herein was entered. The authorities cited by defendants in support of this point are not applicable to a conditional interlocutory judgment such as we have before us.

Eans v. Exchange Bank of Jefferson City, 79 Mo. 182, was a suit upon a lost negotiable note. Defendant's demurrer to plaintiff's petition was sustained by the court and plaintiff appealed. Among other grounds of the demurrer was one that alleged that plaintiff could not maintain the suit without complying with the statute providing for an indemnity bond. The judgment was reversed and the cause remanded. The court said:

''The suit is properly instituted on the lost note, and the petition is sufficient, without stating that the bond of indemnity has been given. *The plaintiff, however, must execute the bond before the court can render a judgment in his favor*, and this may be done after the pleadings are filed and issues joined.'' [Eans v. Exchange Bank, *supra*, 186.] (Italics ours.)

Barrows v. Million, 43 Mo. App. 79, was a suit upon a lost negotiable note. There was a judgment in favor of plaintiff against both defendants and they appealed. This court stated that its attention had been called to the fact that no indemnity bond was given as required by law. The court referred to the statute requiring the giving of an indemnity bond, and said:

''The supreme court has held that the giving of the bond in such cases *is a condition precedent to the right to judgment*. [Eans v. Bank, 79 Mo. 182.] The statute provides that the bond shall be approved by the court. We find no evidence in this record that such a bond was either filed or approved. A failure to comply with this requirement of the statute renders the judgment nugatory. For this error the judgment will be reversed and the cause remanded. All the judges concur.'' [Barrows v. Million, *supra*, 83.] (Italics ours.)

Aylor v. McMunigal, 66 Mo. App. 657 (K. C. Ct. App.), was a suit upon a lost bill of exchange. There was a judgment for plaintiff and defendant appealed. The failure of plaintiff to furnish an indemnity bond before judgment was rendered constituted defendant's principal reason for appealing and asking for a reversal. The court cited the statute requiring an indemnity bond and said:

"The purpose of this bond is manifest. The law meant to allow plaintiff a judgment against the maker of a note or bill, *on condition that the plaintiff would give the required bond* to protect the defendant from any claim thereafter made by one who might have come into possession of the instrument. . . .; the only objection being that it was not executed and filed before the judgment. Said bond was, however, executed, approved and filed before the final disposition of the cause, while the motion for new trial was pending and while the judgment was yet in the grasp of the court; and in our opinion this was sufficient." [Aylor v. McMunigal, *supra*, 659.] (Italics ours.)

The judgment in favor of plaintiff was affirmed.

Hendricks v. Whitecotton, 60 Mo. App. 671, was a suit on a lost negotiable note. Defendants denied under oath the execution of the note. The court sustained defendant's demurrer to the evidence. Plaintiff took a nonsuit with leave to move to set the same aside, and, being unsuccessful, appealed, assigning as error the ruling of the trial court in sustaining such demurrer. This court there said:

"It (the demurrer) was well sustained on the ground that appellant did not give the indemnity bond at any time during the trial, required by the statutes in suits upon lost notes." [Barrows v. Million, 43 Mo. App. 79.]

Sauter v. Leveridge, 103 Mo. 615, 15 S. W. 981, was a suit upon two lost negotiable notes. There was a trial before the court sitting as a jury, resulting in a judgment in favor of plaintiff against defendant on both notes, from which defendant took an appeal. In the judgment of the trial court appeared the following:

"The said plaintiff now executes and files a bond to the defendant in the penalty of sixty-five hundred dollars ($6500.00), more than double the amount of both of said notes . . . It is, therefore, considered and adjudged by the court that the said plaintiff have and recover of and from the defendant the sum of twenty-nine hundred and six dollars ($2906.00), the aggregate amount of the damages assessed by the court as aforesaid, with interest thereon, etc." [Sauter v. Leveridge, *supra*, 621.]

The defendant had requested the court to declare the law to be "that before plaintiff was entitled to bring this action it was his duty to cause to be executed in favor of the defendant a bond in double the amount of the notes sued on, etc." The Supreme Court held that there was nothing in defendant's position and that the trial court committed no error in refusing such a declaration of law and com-

mitted no error in overruling the demurrer to the evidence or in overruling the motion in arrest of judgment. The judgment in favor of plaintiff was affirmed.

Warder, Bushnell & Glessner Co. v. Libby, 104 Mo. App. 140, 78 S. W. 338, was a suit on a lost negotiable note begun before a justice of the peace and appealed to the circuit court. There was a judgment for plaintiffs in the circuit court and defendant appealed. The defendant contended that the indemnifying bond therein given was not approved by the court, and that no judgment could be rendered without such approval. The appellate court said that in the then present proceeding the bond had been filed prior to the trial, its approval by the court was sufficiently shown by the entry in the clerk's minute, and that such entry would be presumed to have been made by the direction of the court; that the bond having been tendered and the judgment rendered thereafter, the presumption would be that the bond had been approved and ordered by the court. The judgment in favor of plaintiff was affirmed.

Hogan v. Kaiser, 113 Mo. App. 711, 88 S. W. 1128, was a suit upon a lost negotiable note. There was a judgment for plaintiff. Defendant appealed. Defendant asked for a reversal of the judgment because of plaintiff's failure to give an indemnifying bond as required by the statute. Plaintiff argued that such bonds were not required in suits begun before a justice of the peace such as the case then under consideration. The court said:

"In actions upon lost instruments, the filing and approval of an indemnifying bond to the defendant is not jurisdictional to the institution and maintenance of the suit *but is a condition precedent to recovery which must be performed before judgment* is entered. [Sauter v. Leveridge, 103 Mo. 615; Eans v. Bank, 79 Mo. 182; Barrows v. Million, 43 Mo. App. 79]." [Hogan v. Kaiser, *supra,* 715.] (Italics ours.)

After holding that the statute requiring the giving of an indemnity bond applied to all suits on lost instruments, including those begun before a justice of the peace, the court held:

"It was error to enter judgment without the giving of the statutory bond; but as the bond would have been in time had it been filed and approved before the ruling of the trial court upon the motion for new trial (Aylor v. McMunigal, 66 Mo. App. 657) and the error is without effect upon the issues involved, no reason appears for a retrial of the case.

"The judgment is reversed and the cause remanded with directions to the trial court to enter judgment for plaintiff under the verdict upon the filing and approval of a bond, as required by Section 745, Revised Statutes, and should plaintiff fail to give the bond in a time to be fixed by the court, the action shall be dismissed." [Hogan v. Kaiser, *supra,* 716.]

In none of the foregoing cases does it appear that there was a conditional judgment such as we have in the case at bar, hence they are distinguishable from this case on the important point which is decisive of whether an appeal lies, namely, the finality or nonfinality of the judgment. It is true that in the case of Barrows v. Million, *supra,* the appellate court said that the failure of plaintiff therein to furnish the statutory bond rendered the judgment nugatory and the judgment was reversed and the cause remanded. However, it must not be forgotten that the judgment in that case purported to be unconditional, complete and·final and hence appealable, whereas in the case at bar the judgment is clearly and unequivocally conditional and interlocutory. In all of the other cases referred to it appears that the appellate court was dealing either with actual or what purported to be final and therefore appealable judgments. We have no such judgment in the case at bar. In this case the judgment not only does not support to be complete and final, but on the contrary it clearly is conditional, hence not final.

It is regrettable that we are not authorized to pass upon the merits of the case on this appeal, but it is clear that there is no provision in our statutes for an appeal from a conditional or interlocutory judgment in this kind of a case, hence anything we might attempt to determine on the merits would be *coram non judice.* However, we think it might not be amiss for us to say that we have examined the record carefully, and if it were properly before us on an appeal from a final judgment it would be our duty, on the evidence adduced as the record now stands, to affirm such final judgment because it is clear that there was substantial evidence justifying the court in entering judgment for plaintiff against defendants. Since the appeal was prematurely taken, it follows that we have no jurisdiction to pass upon the merits and it becomes.our plain duty under the law to dismiss the appeal.

Upon our mandate going down, it will be within the authority of the circuit court to make an order requiring plaintiff to furnish the indemnity bond, mentioned in the judgment, in a time to be fixed by that court. The court may also in such order provide for the dismissal of plaintiff's action upon failure to give such bond.

The appeal is dismissed. *Hughes, P. J.,* and *Anderson, J.,* concur.